UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20441-Altonaga

UNITED STATES OF AMERICA,
             Plaintiff,

v.

GENARO SANCHEZ,
             Defendant.

_____/

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant Genaro Sanchez, through counsel, respectfully requests that the Court: (1) concur with the United States' concession that Mr. Sanchez qualifies for safety valve relief and (2) impose a sentence of 70 months' imprisonment. A sentence of 70 months would reflect Mr. Sanchez's limited role in the conspiracy,[1] would be consistent with other sentences imposed in this district for similarly situated Title 46 defendants accused of trafficking 450 kilograms or more of cocaine, and would accomplish the needs outlined in § 3553(a).

I.   **70 months is sufficient to meet the rationale behind the sentencing guidelines.**

Mr. Sanchez and the Government agree that he is eligible for safety valve relief. A sentence below the 120-month mandatory minimum is appropriate in this case for two reasons: (1) uniformity and proportionality are best served by a sentence

---

[1] Mr. Sanchez's role in the conspiracy is discussed in his objections to the Draft PSI. (D.E. 35.)

of 70 months and (2) the 3553(a) factors support a sentence of 70 months.

The Sentencing Guidelines were created to accomplish three purposes in sentencing: honesty, uniformity, and proportionality. *See* USSG Ch. 1, Pt. 1.3 (The Basic Approach). Since passage of the First Step Act and the expansion of safety valve relief to Title 46 cases in December 2018, courts in this district have routinely sentenced safety valve-eligible defendants, like Mr. Sanchez, to sentences below the 10-year mandatory minimum otherwise prescribed by Title 46.

Based on data from the last 24 months, Mr. Sanchez has identified twelve Title 46 defendants represented by the Office of the Federal Public Defender in the Southern District of Florida who were: (1) safety valve eligible, (2) found guilty of trafficking 450 kilograms or more of cocaine, (3) not enhanced as a master, (4) not charged with a crime involving a submersible, and (5) did not receive the benefit of a 5K1.1 motion.[2] After discarding the highest sentence (135 months for 1,197 kg) and lowest sentence (51 months for 746 kg), the resulting mean sentence was 82 months

---

[2] *United States v. Lopez Villarreal*, 20-20101-CR-Scola (Oct. 4, 2021) (TOL 33; 1,018 kg and 60 months); *United States v. Sanchez Loor*, 20-20168-CR-Altonaga (Jan. 27, 2021) (TOL 33; 632 kg and 84 months); *United States v. Gomez Cantero*, 21-20148-CR-Moore (Feb. 10, 2022) (TOL 33; 1,197 kg and 135 months); *United States v. Estupinan-Gutierrez*, 21-20379-CR-Bloom (Dec. 16, 2021) (TOL 33; 870 kg and 75 months); *United States v. Herrera Nunez*, 21-20427-CR-Scola (Feb. 24, 2022) (TOL 33; 575 kg and 72 months); *United States v. Lopez-Padilla*, 21-20426-CR-Altman (Jan. 4, 2022) (TOL: 35; 488 kg and 102 months); *United States v. Guerrero Marquez*, 21-20383-CR-Moore (Feb. 17, 2022) (TOL 33: 1,183 kg and 135 months); *United States v. Arregoces Barros*, 21-20438-CR-Bloom (July 8, 2022) (TOL 33; 800 kg and 70 months); *United States v. Velez Monsalve*, 18-20817-CR-Williams (July 21, 2021) (746 kg and 51 months); *United States v. De Leon Berroa*, 21-20359-CR-Scola (Apr. 26, 2022) (TOL 35; 639 kg and 70 months); *United States v. Olaya Grueso*, 21-20486-CR-Gayles (May 24, 2022) (TOL 33; 964 kg and 78 months); *United States v. Rivas-Rodriguez,* 21-20487-CR-Gayles (Mar. 31, 2022) (TOL 35; 595 kg and 72 months).

and the mean amount of cocaine trafficked was 776 kilograms. Most of those defendants had the same total offense level as Mr. Sanchez.

After the Government's agreement that Mr. Sanchez is eligible for safety valve relief, the Final PSI calculates Mr. Sanchez's advisory guideline range to be 135-168 months. (D.E. 36 at ¶ 56.) A sentence within that range, based on 554 kilograms of cocaine, would represent an outlier in this district, promote neither uniformity nor proportionality, and increase the disparity in sentences for similarly situated Title 46 defendants.

Conversely, a sentence of 70 months, which would be the low-end of the advisory guideline range if Mr. Sanchez is granted a minor role reduction per his PSI objections, presents no uniformity or proportionality issues. Mr. Sanchez's criminal conduct and the facts of his case are typical of many Title 46 cases within this district where a defendant is safety valve eligible. As the Court knows, it is the weight of the cocaine that drives the base offense levels in these cases. By expanding safety valve relief to Title 46 defendants, however, Congress and the Sentencing Commission have allowed courts the power to determine which types of drug trafficking cases are truly deserving of sentences at or above the mandatory minimum and which allow for lower sentences while still accomplishing the goals and requirements of § 3553(a). Mr. Sanchez's case falls into the latter group. Sentencing him to 70 months is consistent with the principle of uniformity and proportionality.

II.  **70 months is sufficient but not greater than necessary to accomplish the needs set forth in § 3553(a).**

Even without a minor role adjustment, consideration of the § 3553(a) factors

3

make a 70-month sentence sufficient but not greater than necessary.

The PSI adequately explains Mr. Sanchez's impoverished background and the circumstances of his offense. Turning to § 3553(a)(2), there is no question that Mr. Sanchez's offense is serious. But a sentence of almost six years in prison—away from his elderly, ailing father, his wife, and his three children—is just and sufficient to promote respect for the law.

Likewise, 70-months in prison is sufficient but not more than necessary to provide him with the needed educational and vocational training that will help lower his risk of recidivism. Mr. Sanchez has a ninth-grade education. English language classes and job skills training can all be accomplished within the requested sentence.

With respect to the risk of recidivism, at the end of a 70-month sentence, even with earned time credits, Mr. Sanchez's father will be almost 90 years old. In terms of deterrence and protection of the public, the prospect of losing the benefit of the safety valve, imposition of a minimum 10-year sentence, and perhaps never seeing his parents again, are all factors that will deter Mr. Sanchez from reoffending.

### CONCLUSION

A sentence of 70 months' imprisonment reflects Mr. Sanchez's minor role in an otherwise serious offense; it would be in line with other Title 46 sentences involving similar or greater amounts of cocaine; and it is sufficient to comply with the sentencing purposes articulated in 18 U.S.C. § 3553(a).

Respectfully Submitted,

**MICHAEL CARUSO**

4

**FEDERAL PUBLIC DEFENDER**

*s/ Andrew S. Jacobs*
Andrew S. Jacobs
Assistant Federal Public Defender
Florida Special Bar No. A5502687
150 W. Flagler St., Ste. 1700
Miami, FL 33130
305-533-4201
Andrew_Jacobs@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on January 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  */s/ Andrew S. Jacobs*
Andrew S. Jacobs

5